UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RONNIE LEE JENNINGS, | CASE NO. 5:06 CV 2806 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | |
| | MEMORANDUM OF OPINION |
| JUDITH L. HUNTER, Judge, et al., | AND ORDER |
| Defendants. | |

On November 20, 2006, plaintiff pro se Ronnie Lee Jennings filed this action under 42 U.S.C. § 1983 against Summit County Court of Common Pleas Judge Judith L. Hunter, the Ohio Prosecutor's Office (Summit County), Summit County Prosecutor Sherri Bevan-Walsh, Summit County Assistant Prosecutor Nancy Mercurio, and the State of Ohio.

The complaint, which seeks damages of $100 million, alleges that a police report used in plaintiff's prosecution and conviction[1] for kidnaping, unlawful restraint, attempted rape and gross sexual imposition was altered, and that inaccurate statements were made to the Grand Jury and the Ohio Court of Appeals

---

[1] See Jennings v. Eberlin, N.D. Ohio Case No. 5:05 CV 2979; see also, State v. Jennings, No. 22016, 2004 WL 2292776 (Summit Cty App. Oct. 13, 2004).

concerning the true number of plaintiff's previous prison terms. Plaintiff asserts these alleged actions violated his rights under the Eighth and Fourteenth Amendments.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Plaintiff's claims implicitly challenge his criminal conviction and sentence, under which he is currently incarcerated. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriquez, 411 U.S. 475, 501 (1973).  Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A.  Further, the court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

Dated: January 26, 2007　　　　　　　　*s/　　　　James S. Gwin*  
　　　　　　　　　　　　　　　　　　　JAMES S. GWIN  
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE